UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STERLING INTERNATIONAL, INC., a Washington Corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>WILLIAM C. HISCOX, an individual; MANUFACTURING R&D, LLC, a Washington Limited Liability d/b/a DOUBLE VISION DISTRIBUTING; MANUFACTURING R&D, a California Limited Liability Company d/b/a INTREPID PRODUCT SOLUTIONS, LLC, and; CONCEPTUAL MARKETING AND DEVELOPMENT, INC., a Nevada Corporation d/b/a CMB PRODUCTS,<br><br>           Defendants. | NO. CV-08-0022-EFS<br><br>**PROTECTIVE ORDER** |

   Before the Court, without oral argument, is the parties' Motion for Order Re: Confidentiality Agreement (Ct. Rec. 33), filed March 13, 2009. After review, **IT IS HEREBY ORDERED:**

   1. The parties' Motion for Order Re: Confidentiality Agreement **(Ct. Rec. 33)** is **GRANTED.**

   2. The following protective order is **HEREBY ENTERED:**

ORDER ~ 1

1     1. The party responding to discovery requests (hereinafter "producing party") may, at its option, produce either original documents or complete and accurate copies thereof for inspection under Federal Rule of Civil Procedure Rule 34.

    2. The producing party will retain the originals until this litigation is over. Copies of documents produced will be as admissible into evidence as the originals, provided that nothing in this Stipulation shall be construed as an acknowledgment that any document produced constitutes admissible evidence.

    3. Before produced documents are copied, the producing party may stamp "confidential" on any document that contains private, personal, sensitive or valuable proprietary information.

    4. "Confidential" documents (as used herein, that term includes the documents, the confidential information they contain, excerpts and compilations of such information, interrogatory answers, requests for admissions and responses thereto, and deposition testimony regarding such confidential information) shall be used solely for purposes of this litigation and shall not be disclosed, except pursuant to Court Order, to anyone except:

        a. The parties' attorneys in Spokane, Washington, or Sacramento, California;

        b. Parties, or officers, directors or partners of any partner, except that where a party is required by law or regulation to further limit access to records, such records may be designated as "counsel only" and may only be reviewed by the parties in Spokane counsels' offices;

ORDER * 2

      c.    Consultants and experts retained by any party for purposes of assisting in the preparation or presentation of claims or defenses;

      d.    Any deposition or trial witness (and the witness' counsel), but only when shown to such witness during his or her testimony;

      e.    Court, jury, court personnel, court reporters, arbitrators, mediators, and similar personnel when acting within their official capacities in connection with this lawsuit;

      f.    The author or the recipient of the document who received or reviewed it prior to this litigation; or

      g.    Any other person with the prior written consent of the party producing the document or pursuant to Court Order.  All such persons other than the parties' attorneys and their employees, who are bound by the attorneys' execution of this Stipulation, shall be shown a copy of this Stipulation and shall sign it or otherwise signify in writing and prior to being shown confidential documents, that the person has read the Stipulation and consents to be bound by its terms.

5.    All "confidential" documents filed with the Court and any pleading or other paper disclosing confidential information from such documents shall be filed under seal.

6.    Upon completion of the litigation and if requested by the producing party, all documents copied during discovery and all copies of such documents shall be destroyed or returned to counsel for the producing party, and counsel for the party supervising such disposition shall provide to counsel for the producing party a certificate reflecting such disposition.

ORDER * 3

7. If a party challenges an assertion of confidentiality, that party shall provide written notification to the party claiming confidentiality (and all other parties). The notice shall clearly specify the documents being challenged. Within ten (10) days of receiving notice, the party claiming confidentiality may move the Court for an order affirming that the challenged documents are entitled to confidentiality. Before making such a motion, the party claiming confidentiality shall contact the challenging party, and the parties shall confer in good faith in an effort to resolve the dispute. If such a motion is brought, the designated documents shall remain subject to this Stipulation until the Court makes its determination. The party claiming confidentiality bears the burden of demonstrating that good cause exists for the document to be designated as "Confidential." If the party claiming confidentiality does not move for an order pursuant to this paragraph, the claim of confidentiality will be waived with respect to the challenged documents.

8. No documents or information from any documents acquired in discovery in this litigation shall be used for any business, competitive or other purpose unrelated to the conduct of this litigation.

9. Nothing contained herein shall be construed to prejudice or limit any party's right to use any document in the taking of depositions or at trial or to limit a party in the use or disclosure of its own documents. Whenever a confidential document is identified in a deposition, disclosure of any part of that deposition relating to the confidential information shall be restricted to those persons permitted access to such information by the terms of this Stipulation. Deposition

ORDER * 4

exhibits and testimony regarding the same shall be sealed on request of a party, subject to further order of the Court.

10. If a document makes reference to the conduct or affairs of a potential witness, counsel may discuss such conduct or affairs with that witness without revealing the document, its existence, its contents, its author or its source, and such discussions shall not constitute disclosure within the terms of this Stipulation.

11. The parties hereto agree that the terms of this Stipulation may apply to documents produced by a nonparty pursuant to subpoena, agreement or other to the extent that such nonparty requests the protections provided by this Stipulation, provided all parties then agree on the inclusion of such third party. Such agreement may be signified informally by letter.

12. Nothing in this Stipulation shall prevent any party from objecting to discovery which it believes to be otherwise improper.

13. The parties agree that upon execution of this Stipulation by counsel it shall be filed with the Court by counsel for Plaintiff Sterling International without further notice.

14. In the event any person or party bound by this Stipulation violates it, or threatens to do so, any other party may apply to the Court for a protective order under Rule 26, and all parties hereby stipulate prospectively to the entry of such order to the extent the relief requested is consistent with the terms and provisions of this Stipulation.

\\

\\

ORDER * 5

1    **IT IS SO ORDERED.**  The District Court Executive is directed to enter
2  this Order and forward copies to counsel.
3    **DATED** this ___23rd___ day of March 2009.
4
5                         s/Edward F. Shea
                        EDWARD F. SHEA
6                 United States District Judge
7
Q:\Civil\2008\22.Prot.Order.wpd
8
9
10
...
26

ORDER * 6